UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>JAMAAR MCGEACHY. | No. 2:17-cr-303 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Pending before the Court is a motion filed *pro se* by Defendant Jamaar McGeachy ("Defendant") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF No. 35. The Court did not Order the Government to respond. For the reasons stated below, Defendant's motion is **DENIED**.

## I. BACKGROUND

Defendant is a forty-three-year-old male currently incarcerated at FCI McKean. Def. Br. at 2, ECF No. 35. On September 6, 2017, Defendant pleaded guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. ECF Nos. 26-28. On June 26, 2018, this Court sentenced Defendant to 144 months of imprisonment followed by five years of supervised released. ECF Nos. 32-33. His projected release date, as calculated by the Bureau of Prisons ("BOP"), is January 24, 2027. Ex. D, Def. Br., ECF No. 35.

Defendant asks this Court grant him compassionate release and a reduction in his sentence based on three "extraordinary and compelling reasons" given the ongoing public health crisis: (1) he suffers from asthma; (2) he has a strong record of rehabilitation demonstrating he is not a danger to the public if released; and (3) his "health and safety are at high risk" in the prison environment. Def. Br. at 2, ECF No. 35. Because Defendant has exhausted the administrative remedies available to him within the BOP concerning his request for relief, Defendant's motion is properly before this Court. *See* 18 U.S.C. § 3582(c)(i)(A); Ex. F, Def. Br., ECF No. 35.

## II. DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." Within the context of the present pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the

defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020); *United States v. Henderson*, No. 15-0329 (ES), 2020 WL 5055081, at *3 (D.N.J. Aug. 26, 2020) (quoting *Moore*).

Defendant argues that he suffers from asthma, a condition that "places him in a high risk category" and leaves him "susceptible to death" if he contracts the virus in prison. Def. Br. at 2, ECF No. 35. The Centers for Disease Control and Prevention ("CDC") has identified moderate to severe asthma as a possible risk factor for severe illness from Covid-19.[1] Defendant's medical records, however, do not reflect that he is currently managing or being treated for moderate or severe asthma. *See* Ex. A at 31, 39, 45, ECF No. 35. To the contrary, Defendant's medical records reflect only that Defendant's asthma is in remission. *Id.* The Court does not take Defendant's health concerns lightly, but a general asthma diagnosis "has not been found to be an underlying medical condition that triggers eligibility for compassionate release." *United States v. Shakir Amos*, No. 16-0292 (ES), 2020 WL 7022635, at *2 (D.N.J. Nov. 30, 2020) (collecting cases).

Defendant's additional arguments in support of his motion—that he has worked admirably to rehabilitate himself and that BOP cannot effectively contain the virus in its facilities where inmates inherently live in close quarters with one another—do not independently justify compassionate release.[2] *See* Def. Br. at 3, ECF No. 35. This is not to say that the rising numbers of Covid-19 cases at prisons and throughout the country in general are not alarming. It is only to say that Defendant's particular circumstances, where he has approximately six years of his sentence left to serve and where he has not identified a compelling underlying medical condition, do not warrant his immediate release or a reduction of his sentence. Accordingly, the Court will deny Defendant's motion.

### III. CONCLUSION

For the reasons stated above, Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 35, is **DENIED**.

An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

**Date: December 16, 2020**

---

[1] The CDC's guidance concerning adults with certain medical conditions is available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 15, 2020).

[2] As of the date of this writing, FCI McKean reports 44 confirmed active Covid-19 cases among inmates. *See* https://www.bop.gov/coronavirus/ (last visited Dec. 15, 2020).