**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES,** <br><br> v. <br><br> **JAMAAR McGEACHY.** | No. 2:17-cr-303 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter is before the Court upon a motion filed *pro se* by Defendant Jamaar McGeachy ("Defendant") requesting reconsideration of the Court's December 16, 2020 Opinion and Order denying his motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF No. 39. The Court did not Order the Government to respond. For the reasons set forth below, Defendant's motion for reconsideration will be **DENIED**.

**I.    BACKGROUND**

Defendant is a forty-three-year-old inmate at FCI McKean in Lewis Run, Pennsylvania, where he is serving a 144-month sentence after pleading guilty to one count of conspiracy to distribute more than one (1) kilogram of heroin contrary to 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A) in violation of § 846. ECF Nos. 26, 33. His projected release date, as calculated by the Bureau of Prisons ("BOP"), is January 24, 2027. Ex. D, Def. Br., ECF No. 35.

On August 19, 2020, after exhausting his administrative remedies with the BOP, Defendant filed a motion with this Court for compassionate release and a reduction in sentence, arguing that his asthma placed him at a high risk of dying from Covid-19 complications should he contract the virus. Def. Br. at 2, ECF No. 35. The Court denied the motion on December 16, 2020, finding: (1) per his medical records, his asthma was in remission, and there was no indication that he needed to actively manage or be treated for the condition; and (2) his additional arguments—that he has made admirable efforts toward rehabilitation and that the BOP cannot effectively contain the virus within the prison environment—did not independently justify his release. Op. at 2, ECF No. 37. Concluding that Defendant failed to establish "extraordinary and compelling" reasons justifying compassionate release, the Court did not analyze the appropriateness of a reduction in sentence under the factors set forth in 18 U.S.C. § 3553(a).

On March 1, 2021, Defendant filed the present motion seeking reconsideration of the Court's Opinion and Order on three grounds: (1) that the Court erroneously believed there to be forty-four (44) active, confirmed cases of Covid-19 among inmates at FCI McKean at the time of the Court's denial when there were "about quadruple that amount"; (2) that the Court failed to consider the § 3553(a) sentencing factors; and (3) that Defendant subsequently contracted Covid-19 and did not receive medical treatment for his symptoms. Def. Br. at 2, ECF No. 39. The Court will address each of Defendant's arguments in turn.

## II.  LEGAL STANDARD

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir.2010)). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its Order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex. rel. Lou–Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also United States v. Mayfield*, No. 07-801 (RMB), 2020 WL 3604090, at *2 (D.N.J. July 2, 2020) (applying this standard to a criminal defendant's motion for reconsideration of the Court's Opinion and Order denying compassionate release). A motion that "merely raises a disagreement with the Court's initial decision" or raises new arguments that the movant could have addressed in the original submission is not an appropriate reconsideration motion. *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008).

## III.  DISCUSSION

As mentioned above, Defendant sets forth three arguments on reconsideration, two of which seek to correct what he perceives as errors in law or fact, and one which identifies new evidence.

First, Defendant argues that the Court erroneously believed there were forty-four (44) active, confirmed cases of Covid-19 among inmates at FCI McKean at the time of the Court's denial when there were "about quadruple that amount." On December 15, 2020, one day prior to the Court's entry of its Opinion and Order, the BOP indeed reported forty-four (44) active, confirmed virus cases among inmates, a statistic the Court noted in its Opinion. Op. at 2, n.2, ECF No. 37. While the Court cannot attest to the veracity of Defendant's allegation, it will note that FCI McKean appears to have suffered an outbreak of the virus over time, as 497 of the 975 inmates have tested positive for Covid-19 throughout the duration of this pandemic. *See* www.bop.gov/coronavirus/ *and* www.bop.gov/locations/institutions/mck/ (last accessed Mar. 23, 2021). As alarming as this statistic is, it has no bearing on the Court's original determination that Defendant

ultimately failed to demonstrate "extraordinary and compelling" reasons (in the form of, for example, a severe medical condition), to justify compassionate release.

Second, Defendant argues that the Court erred by choosing not to analyze whether the § 3553(a) sentencing factors weighed in favor of his release. Def. Br. at 2, ECF No. 39. It is true that the Court did not reach this analysis in its prior Opinion because it did not need to, but will use this Opinion as an opportunity to clarify its ruling. Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed unless three conditions are met: (1) the defendant has fully exhausted his administrative remedies with the BOP; (2) "extraordinary and compelling" reasons exist to justify release and a reduction in sentence; *and* (3) the § 3553(a) factors, to the extent they are applicable, weigh in favor of release. 18 U.S.C. § 3582(c) (emphasis added). The Court found that Defendant satisified the first prong, but not the second prong. Therefore, in the absence of "extraordinary and compelling" reasons, the Court did not proceed to analyze whether the applicable § 3553(a) factors weighed in favor of his release. *See, e.g., United States v. McNair*, 481 F.Supp.3d 362, 370, n.8 (D.N.J. 2020) (declining to reach the § 3553(a) analysis where "extraordinary and compelling" reasons were not present). Had the Court reached that step of the analsyis, it would have found that the § 3553(a) factors militate against Defendant's release.

For instance, the § 3553(a) factors include, but are not limited to: "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1)-(2). Defendant has served only half of his 144-month sentence, and must still serve approximately five years and ten months until his full-term release date in January of 2027. Defendant's sentence is already at the low end of the guidelines range (130 to 162 months) given that the Court exercised its discretion at the time of sentencing to vary from the recommended guidelines for career offenders (262 to 327 months). *See* Tr. of Sentencing Hr'g at 8:16-8:20, ECF No. 37. And while the underlying drug offense here was non-violent, the Court cannot understate the seriousness of the offense, the risk that Defendant's conduct posed to the community, and the necessity of the sentence imposed given Defendant's extensive criminal history. The § 3553(a) factors therefore weigh strongly against Defendant's release.

Lastly, Defendant argues that new evidence warrants reconsideration of the Court's denial of compassionate release. On January 20, 2021, about one month after the Court's decision, Defendant unfortunately tested positive for Covid-19. Def. Br. at 2, ECF No. 39. He represents that he "has been suffering from tightened and sharp pains in his chest, shortness of breath, prolong[ed] headache, no sense of taste or smell, severe weakness, diarrhea, body cramping, and other serious symptoms" associated with the virus. *Id.* He further represents that the staff at FCI McKean did not provide him with treatment or therapy after he received the positive test result. *Id.* The Court does not take lightly

3

Defendant's health concerns or his allegations against FCI McKean, but Defendant has not presented the Court with medical records or any other evidence to properly substantiate his claims. Even if he had done so, the Court has clarified above that the § 3553(a) factors prevent the Court from granting Defendant the relief he seeks.

Accordingly, the Court will decline to reverse its December 16, 2020 Opinion and Order denying Defendant's motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and will deny his motion for reconsideration.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration, ECF No. 39, is **DENIED**. An appropriate Order shall follow.

_____
WILLIAM J. MARTINI, U.S.D.J.

**Date: March 23, 2021**